IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff*,

vs.

VACHAGAN BAGHDASARYAN,

    *Defendant.*

Case No.10-10060-2-EFM

**MEMORANDUM AND ORDER**

Now before the Court is Defendant Vachagan Baghdasaryan's Motion for Reconsideration of the Magistrate's Order of Detention (Doc. 54). On June 21, 2010, the Court heard oral arguments o n this motion. After hearing the parties' arguments, the Court made an oral ruling from the bench denying Defendant's motion. This Order memorializes that ruling.

**I. Background**

Defendant, along with three others, has been charged with two counts. Count one charges that Defendant knowingly and with intent to defraud, possessed fifteen or more devices which were counterfeit, or were unauthorized, access devices, in violation of 18 U.S.C. § 1029(a)(3) and 18 U.S.C. § 2. Count two charges that Defendant did knowingly, and with intent to defraud, have control or custody of, or possessed device making equipment, in violation of 18 U.S.C. § 1029(a)(4) and 18 U.S.C. § 2.

Believing that Defendant posed a serious risk of flight, the Government moved for detention. On April 14 and 19, 2010, Magistrate Judge Donald W. Bostwick conducted a detention hearing. After hearing the Government's and Defendant's arguments, Judge Bostwick ordered Defendant detained pending trial, finding that the Government had shown by the preponderance of the evidence that there is a serious risk that Defendant would flee if he was released. Following Judge Bostwick's ruling, Defendant filed, pursuant to 18 U.S.C. § 3145(b), a Motion to Reconsider the Magistrate's Order of Detention.

## II. Standard of Review

The district court's authority to review a magistrate's detention order derives from 18 U.S.C. § 3145(b). The district court's review of a magistrate judge's order of detention is *de novo*.[1] Although the court's review is *de novo*, it need not conduct a *de novo* evidentiary hearing.[2] The decision of whether to start from scratch or to "incorporate the record of the proceedings conducted by the magistrate judge" is left to the sound discretion of the court.[3] Regardless of which way it elects to proceed, though, the district court must decide "both the facts and the propriety of detention anew without deference to the magistrate judge's findings."[4]

## III. Standards for Detention

Under the Bail Reform Act of 1984, the Court must order an accused's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably

---

[1] *See United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003).

[2] *See United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002).

[3] *United States v. Plakio*, 2001 WL 1167305, at *1 (D. Kan. Sept. 5, 2001).

[4] *United States v. Poole*, 2004 WL 1732306, at *1 (D. Kan. July 15, 2004) (citing *Lutz*, 207 F. Supp. 2d at 1251).

assure the appearance of the person as required and the safety of any other person and the community."[5] "The government has the burden to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community."[6] Because risk of flight and danger to the community are "distinct statutory sources of authority to detain," the government only needs to prove one or the other in order to have the defendant detained.[7] The government must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or to the community by clear and convincing evidence.[8]

In determining whether the government has met its burden, the court considers the following four factors:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves . . . a controlled substance;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including-
>     (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>     (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .[9]

---

[5] 18 U.S.C. § 3142(e).

[6] *United States v. Dozal*, 2009 WL 873011, at *2 (D. Kan. Mar. 27, 2009).

[7] *United States v. Daniels,* 772 F.2d 382, 383 (7th Cir.1985).

[8] *Cisneros,* 328 F.3d at 616. The Government has not argued that Defendant is a risk to the community.

[9] 18 U.S.C. § 3142(g).

-3-

# IV. ANALYSIS

After carefully considering both the evidence presented and the factors enunciated in 18 U.S.C. § 3142(g), the Court concludes that pretrial detention is warranted in this case. To be sure, certain factors, such as Defendant's strong familial ties to the Los Angeles, California area, and the fact that Defendant is not facing a particularly lengthy sentence if convicted,[10] do weigh in favor of release. However, the Court finds that these factors are outweighed by the fact that Defendant has exhibited a pattern of thinking that the rules do not apply to him. While it is true that Defendant has no prior convictions, there is strong evidence indicating that he has a practice of engaging in unlawful activity. For example, the Government has proffered evidence that on numerous occasions Defendant has used counterfeit identification to return fraudulently obtained merchandise to Nordstrom's Department Store. In addition, there is also evidence that Defendant has not complied with authority while in detention. The Court believes that these actions demonstrate that Defendant has a temperament not to abide by the rules set forth by the authorities. In light of Defendant's temperament, the Court finds that there is no condition or combination of conditions that would reasonably assure his presence in later proceedings. As a result, the Court affirms the Magistrate's detention order.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reconsideration of the Magistrate's Order of Detention (Doc. 54) is hereby denied. The Order of Detention previously entered in this case remains in effect.

---

[10]Based on the Government's presentation, it appears that Baghdasaryan was the ringleader. If it is proven that Baghdasaryan was indeed the ringleader, this fact could result in Baghdasaryan receiving a lengthier sentence than his co-defendant.

**IT IS FURTHER ORDERED** that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

Dated this 22nd day of June, 2010, in Wichita, Kansas.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE