IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| *Plaintiff,* | ) |
| v | ) Case No. 10-10060-2-EFM |
| VACHAGAN BAGHDASARYAN, | ) |
| *Defendant.* | ) |

**MEMORANDUM AND ORDER**

Defendant Vachagan Baghdasaryan, along with 3 others, is charged in a 2 count indictment with possession of counterfeit or unauthorized access devices. A detention hearing was held before the Magistrate Judge, who ordered defendant detained pending trial (Doc. 58). Defendant moved for reconsideration of the Magistrate Judge's decision before this District Judge, who following oral arguments denied Defendant's motion (Doc. 94). Defendant has now filed a Motion for Reconsideration and Amendment of the Detention Order and for Pre-Trial Release (Doc. 100). Defendant requested that the Court delay ruling on the matter pending his submission of supplemental material, and he has submitted a Supplement (Doc. 141) and a Second Supplelment (Doc 150) to his motions. The United States has filed a response to Defendant's Motion for Reconsideration (Doc. 103). Therefore, the matter has been fully briefed. The Court finds that another hearing is not needed.

The Magistrate Judge initially ordered detention upon consideration of the weight of the evidence, defendant's history of no convictions but of an investigation by the Glendale, California Police Department on similar matters, and inconsistency of the defendant's statements to the

Glendale Police Department and to this Court. The order denying the first motion for reconsideration found defendant to be a significant flight risk, noting his possibility of deportation as a non-citizen if convicted, that he had a pattern of thinking that the rules did not apply to him and an apparent practice of engaging in unlawful activity (although he has no prior convictions). His lack of compliance with authority while in detention was also noted.

Defendant's instant motion discusses his medical condition regarding his eyes, which defendant has raised at each prior detention hearing, asserting that his condition is getting worse and that surgery is required. Defendant also asserts that his behavior while in custody does not support his continued detention, especially in light of his medical needs. Defendant has requested that the U. S. Marshal's office arrange for treatment in prison of his eyesight condition, and it has declined to do so. In his supplements, Defendant proffers that $30,000 from Defendant's family has been deposited into his attorney's trust fund account, ready to be deposited to assure Defendant's appearance as required, and a new residential scenario is offered to address previous objections raised on this issue.

The United States Attorney's Office objects to defendant's third attempt to gain supervised release. It notes that no new information, previously unknown to him, has been raised in this motion as required by law. It also contends that defendant's eye condition is not material to the issue of whether he will appear as required.

18 U.S.C. §3142(f)(2) provides that a detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonable assure the appearance of such person as required . . ." Defendant's proffer of better conditions for

release (both monetary and residential), and a deteriorating medical condition, do not meet this condition. While the Court is not unsympathetic to Defendant's medical condition, it has to agree with the United States that this medical condition, and Defendant's inability to obtain treatment for it through the U.S. Marshal's service, does not have a material bearing upon the issue of Defendant's appearance as required in the future. Moreover, it is clearly not a new condition - medical records submitted to the Court show it to have existed for several years, without Defendant obtaining treatment. While it may be true that the U.S. Marshal's office has declined to provide medical treatment to Defendant for this condition, the Court notes that this case is set for trial on November 29, 2010, a date unlikely to change. Following trial, if Defendant is convicted and sentenced to a term of imprisonment, the Bureau of Prisons will provide him with all necessary medical care. If he is not, he will be released and able to obtain his own medical care. This is not a situation (let alone a new situation) meriting release.

Regarding the newly proposed conditions of release, Defendant and his co-defendants seem to view the matter of release on bond as one amenable to continual negotiation; if the opening offer is not satisfactory, counter-offers can be made. However, pretrial release does not work that way. Defendant's later offer in negotiations does not address or resolve the factors previously cited by the Court for denying release.

Therefore, Defendant's motion is denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reconsideration and Amendment of the Detention Order and for Pre-Trial Release (Doc. 100) is DENIED.

**IT IS SO ORDERED.**

Dated this 10th day of September, 2010.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE